**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4412**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SIDNEY ARNAZ BAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:11-cr-00389-TDS-1)

Submitted: September 11, 2012      Decided: September 28, 2012

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sidney Arnaz Baker appeals his eight-month sentence following a guilty plea to theft of Government funds, in violation of 18 U.S.C. § 641 (2006). On appeal, Baker argues that the district court committed procedural error by failing to specifically address his argument regarding the need to avoid unwarranted sentencing disparities pursuant to 18 U.S.C. § 3553(a)(6). Finding no reversible error, we affirm.

Baker preserved his claim of error "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Therefore, any error must lead to reversal, "unless we conclude that the error was harmless." Id. at 581. A district court commits procedural sentencing error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

2

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks and citation omitted). "[A] district court's explanation of its sentence need not be lengthy, but the court must offer *some* 'individualized assessment' justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Lynn, 592 F.3d at 584 (quoting Gall, 552 U.S. at 50). However, "[t]o establish the reasonableness of a sentence, a district court need not explicitly discuss every § 3553(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (citation omitted).

We conclude that the district court did not procedurally err in failing to address Baker's argument regarding the need to avoid unwarranted sentencing disparities. Section 3553(a)(6) requires a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." In support of his argument for a below-Guidelines sentence of probation, Baker cited examples of two other defendants convicted under 18 U.S.C. § 641 who had received

3

sentences of probation.[*] However, Baker failed to address the defendants' criminal histories and the circumstances of their criminal conduct.

The district court did not procedurally err in imposing the eight-month below-Guidelines sentence by failing to specifically address his sentencing disparity argument, as the court thoroughly explained its reasons for the sentence imposed. The court placed an individualized assessment on the record supporting the stated sentence, addressing the seriousness of Baker's crime, the length of Baker's criminal conduct, and the significant loss attributable to Baker, as well as Baker's health, age, education, and community involvement.

Accordingly, we deny as moot Baker's motion to expedite decision and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Contrary to Baker's assertions, one of the defendants had, in fact, received a thirty-day intermittent sentence of imprisonment, in addition to probation.